**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| OLIVER CRETSINGER, Individually and For Others Similarly Situated,<br><br>v.<br><br>MATRIX BUSINESS CONCEPTS, LLC | Case No. 3:18-cv-238<br><br>FLSA Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1.  Matrix Business Concepts, LLC (Matrix) failed to pay Oliver Cretsinger (Cretsinger), and other workers like him, overtime as required by federal law.

2.  Instead of paying overtime, Matrix paid Cretsinger, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.  Sometimes, Matrix classifies workers (including Cretsinger at one point) as independent contractors while it is paying them in this fashion.

4.  However, even when it classified workers (including Cretsinger at another point in his employment) as W-2 employees, Matrix pays hourly workers at the same hourly rate for all hours worked, including overtime hours.

5.  This "straight time for overtime" plan violates the Fair Labor Standards Act (FLSA).

6.  Cretsinger brings this collective action to recover the unpaid overtime (and other damages) owed to the workers impacted by Matrix's straight time for overtime plan.

### JURISDICTION AND VENUE

7.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

9. Cretsinger is a resident of this District and Division.

10. Matrix knew Cretsinger was a resident of this District and Division when it recruited him to work.

## THE PARTIES

11. Cretsinger was an hourly employee of Matrix from July 2016 to April 2017. His written consent is attached.

12. Matrix is a limited liability company. Matrix may be served with process by serving its registered agent.

## THE FACTS

13. Matrix describes itself as a company that "specialize[s] in self-managed, turn-key project management."[1]

14. Matrix provides project management and cost controls services to its customers.[2]

15. It recruits workers from states across the country, including Texas, Arkansas, Louisiana, and elsewhere.

16. Matrix's gross revenues have exceeded $5,000,000 in each of the past 3 years.

17. Matrix's employees routinely use, handle, sell, or work on good and/or materials, such as trucks, computers, cellular telephones, and hand tools, that were produced for interstate commerce or actually traveled in interstate commerce.

18. Matrix is a "covered enterprise" subject to the requirements of the FLSA.

---

[1] https://www.matrixpmo.com/

[2] *Id.*

19. Cretsinger was an hourly employee of Matrix.

20. Matrix originally classified Cretsinger as an "independent contractor."

21. During this period (approximately July 2016 to January 2017), Matrix paid Cretsinger $90 an hour.

22. Consistent with its efforts to misclassify Cretsinger as a "independent contractor," Matrix issued Cretsinger a 1099-MISC at the end of the tax year.

23. But Matrix classified workers like Cretsinger as an "independent contractor" or an "employee" simply based on preference.

24. Under the FLSA, Matrix was always Cretsinger's "employer."

25. In fact, Matrix switched Cretsinger to a W-2 employee in early 2017.

26. At the same time, Matrix lowered the hourly rate it paid Cretsinger.

27. Throughout his employment, Matrix paid Cretsinger by the hour.

28. Under Matrix's standard "Employee Offer Letter," employees are told the will be paid an hourly rate.

29. And to change this term, Matrix and Cretsinger were required to execute another written agreement (and they didn't).

30. Cretsinger was not guaranteed a salary.

31. Cretsinger reported the hours he worked to Matrix on a regular basis.

32. The hours Cretsinger worked are reflected in Matrix's records.

33. If Cretsinger worked fewer than 40 hours in a week, would be paid only for the hours he worked.

34. But Cretsinger normally worked more than 40 hours in a week.

35. In fact, in a typical week, Cretsinger worked 60 hours.

36. Matrix paid Cretsinger at his hourly rate for all the hours he worked in a week, including those over 40 in a week.

37. Thus, rather than receiving time and half as required by the FLSA, Cretsinger only received "straight time" pay for overtime hours worked.

38. This "straight time for overtime" payment scheme violates the FLSA.

39. Matrix has known about the FLSA, and its overtime requirement, for many years.

40. In fact, on information and belief, Matrix pays overtime to its "in-house" hourly staff (such as secretaries and receptionists).

41. Matrix nonetheless failed to pay certain hourly employees, such as Cretsinger, overtime.

42. Matrix's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

43. Matrix's illegal "straight time for overtime" policy extends beyond Cretsinger.

44. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

45. Matrix has paid dozens of hourly workers according to the same unlawful scheme.

46. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

47. The workers impacted by Matrix's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

48. Therefore, the class is properly defined as:

**All workers who perform services for Matrix who were, at any point in the past 3 years, paid "straight time for overtime."**

## CAUSE OF ACTION

49. By failing to pay Cretsinger and those similarly situated to him overtime at one-and-one-half times their regular rates, Matrix violated the FLSA's overtime provisions.

50. Matrix owes Cretsinger and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

51. Because Matrix knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Matrix owes these wages for at least the past three years.

52. Matrix is liable to Cretsinger and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

53. Cretsinger and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

45. Cretsinger prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly workers who received straight time for overtime;

   b. Judgment awarding Cretsinger and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA;

   c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. All such other and further relief to which Cretsinger and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
SD Texas No. 21615
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
State Bar No. 24014780
**Josephson Dunlap Law Firm**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-751-0025 – Telephone
mjosephson@mybackwages.com

## CONSENT TO JOIN WAGE CLAIM

Print Name: Oliver E. Cretsinger

1. I hereby consent to participate in a collective action lawsuit against Matrix to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *Oliver E. Cretsinger*
Oliver E. Cretsinger (Jun 6, 2018)

Date Signed: 06/06/2018